I'm going to go see. Okay. Okay. Okay. Okay. Okay. Okay.  Okay. Okay. Okay. Good morning, everyone. Please be seated. There is a change in the list today. Case number 169007 will be called first. Otherwise, the cases will be called as previously announced, and the times will be as allotted to counsel. Again, case number 169007, United Surety and Indemnity Company v. Pedro Lopez Munoz. Thank you. Before I begin, the timer says 10 minutes. We have been allowed 15, so if the court may. That's correct. Thank you. May it please the court. Good morning. My name is Carlos Lugo. I represent United Surety and Indemnity Company. And USIG has brought this appeal. Yes. Oh, USIG has brought this appeal because it understands that in this case, the bankruptcy court should have appointed a Chapter 11 trustee. The findings of fact of the bankruptcy court clearly establish that before filing for bankruptcy, the debtor incurred in transfers that are fraudulent in nature. And Section 1104A1 of the bankruptcy code establishes that a court can appoint a trustee for costs. And among the costs, yes. Yes, it is the standard. The standard of review is abuse of discretion. Our position is that given the findings of fact, its own findings of fact, the district court abuses discretion because this court has stated in many cases, namely US v. Hastings, which is cited in our brief, that abuse of discretion occurs where relevant factors that you have given significant weight are not considered and where an irrelevant factor is considered and given significant weight. So are you going to say that the facts that were found were clearly erroneous and that's our basis or that the judgment call was an abuse? The judgment call is an abuse of discretion. I'm not questioning the facts found by the district, by the bankruptcy court. And the reason is that this is a case in which the court determined that the debtor incurred in a transfer. He had two gas stations. He owned a company called High Speed as 100%. That company owned a gas station. He owned a gas station in his personal capacity. He had another company called Western Petroleum that had problems, and he had given personal guarantees to a lot of creditors. So when the company fell down and he began to have trouble, on April 1st, his son opened a trust, the Trostila Familia Trust. This trust basically granted debtor absolute power over any assets that the trust had. And these are, as I repeat, this is what the bankruptcy court found. The terms of the deed are clear. He has possession and management and complete control of those assets. And he was the sole beneficiary. Even though the trustee was his wife, he could give orders to his wife as to how to manage the income, the assets that go to the trust. Can I just understand something? Is it the transfer of the assets to the trust, or is it the intent that he had in transferring them that's the basis for your argument? Well, actually, it's both. Actually, it's both because under Husky International, the Supreme Court stated that actual fraud is a transfer to a close relative, a secret transfer, a transfer of title without transfer of possession, or grossly inadequate compensation. Here we have a case of transfer of title without transfer of possession. And in this case, what is the evidence of the intent? The intent, there are many admissions. We presented debtor's testimony, and he made many admissions, and there are stipulations of fact among the parties that indicate that he, in fact, he made these transfers. On April 1st, the court found that on April 1st, his son opened this trust. And on April 8th, debtor negotiated the PUMA leases, which are leases of the gas stations to PUMA, to PUMA Energy. And those leases will give, will yield over $12 million for the next 20 years for both, and for him, in the case of his station, of Mayaguez Station, which is the one he possessed, his personal capacity is over $4 million, and it's about $4 million, and in the case of the one of the gas station that was owned by Husky, it would be in total of $8 million. And those two – I guess I'm asking, there's a question of whether he intended to make the transfer, but then there's a question of what was his intention in doing that. And what is the significance to you of his testimony that one of his reasons for doing it was to shield the assets from the particularly aggressive creditor? Well, that is no defense. That is no defense because – Is it worse than that? Is it an admission? It is an admission that he transferred, that he intended to hinder one creditor when he favored others. Can I – Yes. Are you finished with the answer? Well, I'm looking for the – Go ahead and finish. Yes, I'm looking for the – Well, basically, the case law, which is cited in the brief, establishes that a person who transfers – that the fact that he transferred these assets to a trust over which he has complete control is fraudulent. It shows fraudulent intent. And that's – Okay, that's Grohmann v. Wattman. In Ray Wattman, he cited in the brief from this honorable from the First Circuit. And in that case, this court – One of the things says that a batch of fraud is to transfer one's personal assets to a corporation that one owns. That happens when he transferred the Mayaguez station to High Speed, which is his wholly owned corporation. That is clearly – And that is a fact found by the Bankruptcy Court, and that is a clear case of fraudulent intent under Wattman. And what's more, this honorable court in Irema-Rama and also in Wattman listed various objective criteria for the courts to determine whenever they have to determine fraudulent intent. There's various factors, and we showed that this particular data met all those factors. Would you agree with me that the naming of a trustee is an extraordinary remedy? Yes, it is. That's exactly what your Honor. All right, let's go to the next question. Would you agree with me that there is a strong presumption against naming of a trustee? I agree with that, Your Honor. Now, help me with this. Assuming that you're not successful at this point in your request, is there anything to prevent you from renewing this request if there are signs of actual fraud or manipulations taking place? Well, actually – well, if during the proceeding, during further proceedings, there arises cause for the appointment of a trustee, we can do it. But this case is pretty advanced. There is a reorganization plan that has been submitted, and I understand that this case, if the case returns and the trustee is not appointed, this case is going to go very fast before the bankruptcy court. And in any event, all the violations – all the dishonest and fraudulent acts that merit the appointment of a trustee have happened already. Is there anything taking place right now that puts your interest in jeopardy? Right now? Well, I said the fact that he – that the person who made all this – who incurred this conduct is continuing to administer the lease, to administer the assets. He's still in possession, but is there anything that is in the record that you're aware of that is putting your interest in jeopardy at this time? At this time? No, but if I want to – if I can clarify, I have not found in the jurisprudence that the time is a factor here. He committed – because most of these conducts occurred before and right at the time when he filed the petition. And Section 1104, as well as the denial of a discharge, are based on things that have happened. And it is a question of whether you can trust this person. What kind of supervision does the court have – the bankruptcy court have over this case at this point? Does he have to file reports? Yes, he has to file monthly reports. He has all the supervision in law. But, for example, there is a – we have – it is a matter that, for example, there is a question of what are the administrative expenses that he is charging against the state. Most of those administrative – most of those so-called administrative expenses are not – are not real. And – Well, I assume that you're raising this before the court. Yes. Well? But also the – basically, the court – there is – the damage is that there is a conflict of interest. This person – this person has the debtor. The state has a cause of action against high speed because high speed – when the transfers were rescinded under Puerto Rico law, both parties have to turn over the things that they got from the deal. High speed has no return to the debtor or to the state. It has not returned any of the money that he earned from October 1st – from April 1st – from April 9th, 2013 until August 29th, 2014. In that period of time, high speed did not return to the state any of the money that it took under PUMA. And that PUMA gave it under the lease for the Mayaguez station. And that's – if one takes that amount and you re-subtract the mortgages, there's really – there's really – there's really a colorable claim here. And the state should have been able to – a trustee – a trustee will present a cause of action. And regardless of whether this – on the merits, the cause of action may prevail or not, but the trustee should have the opportunity to present this cause of action and increase the value of the estate to the benefit of the creditors. Putting aside the cause of action, I understand your argument that you're entitled to a trustee because of the fraud that you claim occurred. Why do you want a trustee? Basically because Yusef does not trust this person to be a trustee. He has – he has – he has made – he has incurred such conduct, and even though on the surface it may be that the papers say the numbers, but we have – a trustee will go and really examine – be really efficient with this. We understand that somebody who just takes a check from a – from the lease, that's all he has to do. All the administrative expenses for running, for administering the operation of the gas stations are assumed by PUMA. He doesn't incur in any of that. All the – any administrative expenses that he may have are getting a check from PUMA and handling the financial thing, the financial matters, putting it in the bank, filing his tax returns, et cetera. And that's not – that's not a – that's minimal. That's not a substantial amount. It's certainly not the amount that he's spending right now. In your opponent's brief, they say, the evidence submitted by the debtor during trial sustained that a Chapter 11 trustee would most likely serve the purpose of liquidating the estate, whereas under the debtor's proposed plan of reorganization, creditors will receive more money than what they would receive under Chapter 7 liquidation, where unsecured creditors will not receive a dividend. Therefore, a trustee would not be in the best interest of creditors and the estate. Could you just respond to that? Yeah, we responded to that in a reply brief, and that's speculation. He's speculating because, in fact, the trustee may even find a better way of administering funds and getting more money under a Chapter 11 reorganization or under a Chapter 11 liquidation. And did either the bankruptcy court or the BAP make a finding on that point? Well, they – Or did they just decide it on whether there was fraud or not fraud and whether – No, they decided – both courts decided that – well, they decided there was no fraud. Right. They also decided as a secondary matter, they decided that – It was not in the interest of the – That it is in the – that the interest of the creditors is not affected, basically. But they didn't find that it would be adversely affected if a trustee was appointed. No, no, I don't recall that finding. Basically, my time is running out, so I'm going to wrap up. This is a case in which the debtor incurred for whatever reasons, incurred in acts that are – that constitute fraud or dishonest acts. The purpose of this type of Section 1104 and this type of statute is to preserve the trust of the – the trust that creditors and the court have to have on debtors in possession. It is very important for a debtor in possession to make full disclosure and not to have incurred in this case. You see, we respectfully submit that this person, the debtor, cannot be trusted to continue administering this debt and that the trustee must have – should have been appointed. Thank you. Thank you. Good morning to the Honorable Court. Appearing today is Attorney Luisa Valle from Ciconda & Associates on behalf of the debtor, Pedro Lopez Munoz, who is present today also. First of all, I would like to address the last question that was posed to the Court regarding the finding that was made as to the benefit of – to the estate and the best interest of creditors. I would like to clarify that, yes, both the Bankruptcy Court and the Bankruptcy Appellate Panel found that USIC failed to prove, in its case, that the appointment of a trustee would serve the best interest to creditors. The BAP clearly stated that USIC never delivered the evidence to demonstrate that the value of the assets, if sold by a trustee, would generate funds sufficient to pay the secured creditors in full and to leave a balance for other creditors. And I am referencing page 28 of the BAP opinion. But that just assumes that the trustee would sell it. Yes. But there is no finding that the trustee would inevitably sell it. So how is that responsive to the question of whether a trustee that one could trust would be in the best interest of the creditors? Because maybe the trustee wouldn't sell all the assets and would just manage it, but in a way that would give more confidence to the creditors. Well, as to the specific finding that the trustee would liquidate the assets of the estate, it was both. It was admitted by USIC during the trial held before the bankruptcy court that, yes, in this case a trustee would most probably lead to a liquidation of the estate. And also it was found by the bankruptcy court that considering the nature of these assets, liquidation would be the most possible conclusion. These are two properties that are being leased on 20-year leases. A trustee would most probably not continue administering those leases for 20 years and maintain a case open for that such a long time. It most probably would liquidate the assets which are overly encumbered. It was proven by the debtor that these assets have a value of $3.4 million, yet they have $3.5 million in liens. It was proven by the debtor who submitted its disclosure statement that contains liquidation analysis, which provides that if liquidated these assets today, there would be no surplus for unsecured creditors. It just seems an odd finding that if you brought in a new trustee, we know they would do something not in the interest of the creditors. And if you keep this guy, he'll do it that is in the interest of the creditors. Why would you think that the new trustee wouldn't be able to make the same calculation that the current person would make? The issue here is that this is a debtor which is in possession of his assets. He has already submitted a plan of reorganization, a Chapter 11 plan, which provides evidence and a dividend to unsecured creditors. This plan has already been voted by the creditors, and all of the voting creditors except USIC are favoring the plan. So this debtor is ready to confirm this plan, which has the support of all of its creditors, and will provide a dividend through the term of the plan in excess of what a liquidation would give. The debtor has already submitted evidence to the creditors that if this case goes to Chapter 7 or a Chapter 11 trustee is put in place, the assets will be liquidated because that is what a trustee does. I have to tell you that when I first read this case, I saw a lot of smoke. I haven't quite been able to get to the fire yet, but maybe I won't. But it seems to me that there's a lot of things that your client did that would raise some suspicion as to what he's doing with his assets, including hiding some of them. Well, if I may address that issue, this is a case in which what we have seen since its inception is that USIC is taking isolated facts and using a fixed formula and stating, in this case, these facts have occurred, and the case law provides A, B, and C. Nevertheless, an appointment of a Chapter 11 trustee is an extraordinary circumstance and an extraordinary remedy, which has to be seen on a case-by-case basis and taking into consideration the totality of circumstances. Is that true when there's fraud? Well, it is true in all instances. When there's fraud? Yes, because I thought you seemed to be making an argument as to whether there's fraud. But if there's fraud, I thought there was no discretion. Well, the thing is that in this case, fraud was never proven. I understand, but just so I understand the legal position. If there's fraud, it's not a totality of the circumstances test. You just have to appoint the trustee. Is that right? No. No? If I may go to what Section 1104 provides is Section 1104 has two prongs, which the first prong is you have to prove cause. And within the parameters that establish cause is fraud. Nevertheless, in order for the court to determine cause, that is a highly discretionary determination, which considers the totality of circumstances. But if there's a finding of fraud, cause is satisfied. That is correct. Okay. And if that's satisfied, do they have to appoint a trustee or is there discretion not to? No. If cause is established, the code is very clear. It states that the court shall appoint a trustee. Okay. So the first question just is, is there a basis for rejecting the conclusion that there was fraud? Because if there isn't, then you have to appoint the trustee, right? That is correct. But the issue here in this specific case is that fraud was never proven. USIG brought in certain isolated facts and tried to corner them within the factors that the case law provides. But the court cannot and the bankruptcy court did not fall into that conclusion. It rejected it because the debtor proved with direct evidence that he had no intent to defraud. Let me just ask you, how much money did the leases with PUMA produce? How much money? Well, in 20 years. In 20 years, USIG is claiming that they would produce over $12 million. Well, what does the contract with PUMA say on a yearly basis? On a yearly basis, these leases have, one is for $32,000 gross per month and the other is for $18,000 gross per month. I say gross because we have to deduct a prepayment that was given. Well, you answered that part of my question. The next part of my question is, your client didn't reveal those leases when he filed for Chapter 11. Because the leases were not part of the bankruptcy estate. The leases, both properties were part of the assets of High Speed Corporation. The debtor, when he filed for bankruptcy, what he disclosed since the beginning. Who owned High Speed when he filed for bankruptcy? The debtor owns High Speed nevertheless. I thought it was the trust which we also did not inform the bankruptcy court about. No, that is an incorrect assumption that USIG has made since the beginning. This trust, the only asset that this trust has are the shares of High Speed. The real estate property, the leases, never came into the trust. It was proven by the debtor at trial that the trust did not receive any funds. It was proven at trial that the trust never gave any assets to the debtor as a dividend through its existence. The debtor instead proved through its forensic financial accountant that all of the funds from the leases were used to maintain operations, pay debtor's living expenses, and pay the creditors. There was no assets shielded from creditors. Maybe you were speaking too fast and I was hearing too slow. I'm sorry. But the question is, as I understand it, the debtor donated his shares in High Speed to the trust. Yes. And High Speed at that time had the leases as part of their estate. That is correct. So the leases ended up with the trust. Well, not exactly because this trust was created. Nevertheless, what was proven at trial was that de facto there was never any assets, aside from the initial donation, which entered into the trust. It was proven by the forensic financial accountant that she reviewed the cash receipts and the cash disbursements that High Speed had during the time that the trust was alive. Maybe I should ask the question in a different way. At the time of the filing of bankruptcy, who was getting the rent from the two gas stations? High Speed. And High Speed was owned by who? By the debtor. And it wasn't reported? It was reported that in the Statement of Financial Affairs, the debtor reported since it filed the petition first that it had transferred the shares of High Speed to the trust and that the real estate property had been transferred to the trust. That is included in the Statement of Financial Affairs. I believe it's item 17. So after the bankruptcy was filed, the debtor, when he submitted his disclosure statement, he included a copy of those documents. Thereafter, he amended the disclosure statement in order to address all of these concerns and included additional information which evidenced the transfers and the reversal of the transfers, because that's an important point. In this case, the debtor reversed the transfers post-petition, and currently the plan of reorganization that's in place includes the leases, includes the income to be received from the leases as funds to be destined to pay creditors. Can I? Go ahead. One last question. It's the same question I asked your opponent. Is there anything to prevent your opponent from asking for a trustee down the road if things don't go the way you claim? Well, in this case, the code provides that a party in interest may request the appointment of a Chapter 11 trustee up to the date in which the confirmation of the plan is obtained. So there is no legal impediment. Nevertheless, we understand that USIC failed to carry its burden of proof, and instead the debtor brought forth to the court evidence, direct evidence, which proved the issue of intent. The court, with its sound discretion, made its findings a fact which have a direct reference. Each finding has a direct reference either to an exhibit, a testimony provided by any of the witnesses, and the stipulated facts in the case. The court used the law and applied it properly when it made its conclusions of law. One thing that we need to stress before this honorable court is that you cannot use the case law in a vacuum. The bankruptcy court used its sound discretion, took the evidence that was presented, the undisputed evidence by the debtor, because USIC was unable to bring any evidence to rebut the credible testimony that the debtor provided and the testimony of its expert witness. It brought forth an expert witness to rebut this evidence, and what happened? He candidly admitted that he could not make any test, provide any testimony regarding the intent to defraud. That's where I get tripped up. There was a transfer of assets to a trustee of a kind that raises some questions. That is true. Okay. So then the issue is just why did he do it, right? Correct. Okay. Now, he testifies that one of the reasons he did it was to shield the assets from a creditor. His testimony was that he made the trust in order to protect the assets. From a creditor. From a creditor. Now, so why isn't that just dispositive? What case law allows us to say that when you take assets and put them in a trust of a kind like this, where you have sole control, et cetera, raises all these questions, and you acknowledge that the reason you did it was to protect them from a creditor, what suggests that that's not enough to be actual fraud? I just don't see where you're asking us to excuse that. Well, when you see the case law that established that circumstantial evidence can prove fraud, and especially the case of Marama where the court provides the different factors, you have to see that the inference that needs to be made has to be drawn from the evidence. But I'm saying we have that plus his testimony saying, and I did it to keep it from a creditor. So what more do you need? It has to be, and I did it to keep it from all the creditors? No. So if I may clarify, the expert witness that the debtor brought forth, she testified that when she reviewed the transaction and when she reviewed all of the documents related to these specific allegations, she concluded that there was no indicia of fraud. But I understand. You're not answering my question. That's true. I understand that's in the record. The debtor testified that he had a reason for doing it, and the reason he testified to, if I understand it right, was to protect the assets from a creditor. In order to protect also and be able to pay all other creditors. So what case indicates that we allow the debtor to choose to shield assets from a creditor based on his subjective assumption of what would be best for all creditors and not call it fraud? I just don't see one. That's what worries me. Well, if we look at the same cases that are being cited here, the cases provide that you have to see the totality of the circumstances and you have to see the evidence as a whole. The evidence in this case proved that there requires intent. But this is what worries me. Suppose he testified that, yes, I shielded it from all the creditors because I thought it would be better for them. Would that mean it was not fraudulent? Yes, because he proved in the end that, and it was proven in the end, that the funds were used in order to pay all creditors. And currently, the assets that the transfers were reversed, so now the assets are formed part of the estate. Because now the debtor has the protection of the automatic stay, and obviously that garnishment that took place pre-petition is no longer in place. I just have one follow-up question. My understanding is that there was an expert who testified that his shielding or attempting to hinder or delay that one creditor would, in the end, inure to the benefit of the other creditors. But it was also my understanding that that wasn't his testimony. His testimony was he did it to shield those assets for the benefit of his children. No, those are two different things. Okay. So just point to me in the record, because I'm sure you have it there, where he testified that he shielded those assets from one creditor for the benefit of the other creditors. The debtor testified during his direct examination that, yes, he did state in the meeting of creditors, mistakenly, because he did not have a copy of the trust at that time, that the beneficiaries of the trust were his children instead of himself. He clarified that fact, and the court understood that his clarification was reasonable. Thereafter, he explained that he used the rent in order to pay the creditors, and the reason that he used the rent in order to pay the creditors was because he did not have a copy of the trust. That's an after-the-fact, he did use the rent to pay the creditors, but that his testimony was never that that was the reason that he shielded the assets from the one creditor. Am I correct about that? I believe that his testimony was that he created the trust in order to protect the assets and thereafter pay the creditors. And it was proven that that was exactly what transpired. He used the rent. And we're talking past each other. Thank you. You're welcome. Thank you both. The number's ready. The next case, we'll do fourth one on our list. Number 161107, Joel Diaz.